MR. JUSTICES SHEEHY, HUNT and MORRISON,
specially concurring:
We have voted today, with reservations, that this Court should allow CI-27 to remain on the statewide ballot in the general election of 1986.
Our reservations are that: (1) CI-27 does indeed violate the Contract Clause of the United States Constitution (Art. I, Section 10) and of the 1972 Montana Constitution (Art. II, Section 31); (2) does create an unreconcilable conflict with Art. VIII, Section 2 and with Art. Ill, Section 7, of the 1972 Montana Constitution; and, (3) is duplicitous and even triplicitous in the number of subjects submitted in one initiative.
Why would we allow it at all in the face of such substantive defects? First, because time remains after the general election and before the effective date if CI-27 passes, for the legislature and this Court to take curative actions. For example, this Court could hold the initiative unconstitutional as to contracts impaired; or we could hold that special assessments are not a form of taxation at all, but *303 charges levied for benefits bestowed. Likewise, we can still decide, if CI-27 passes, the irreconcilable issues before the effective date. The legislature itself may adopt a plan acceptable to the voters by referendum before the effective date.
Our second reason is not legal but practical. CI-27 is not so much a fatal disease as it is a symptom that something is ailing in the Montana body politic. While the economy has stagnated or receded in most areas of Montana, the ever-galling property tax load has increased out of proportion to the local economies. There would be no gain here to record the reasons, most of which lie directly at the legislature’s door, some of which accrue from the bloated administrations of school districts, counties and towns, and one of which is the curtailment of the federal largesse. Not the least pain in our political body is the miserable mismanagement by the state of the 5-year revaluation program, which has brought thousands of property owners to their courthouse doors demanding relief.
The 55,000 signers of petition for CI-27, and their ranks of supporters, are saying out loud that property taxes in Montana have become regressive. Since all taxes, regardless of their names, are paid out of our incomes, a growth in taxation which is not accompanied by a growth in our incomes necessarily becomes strangular. Some Montanans feel a hand at their throats. They see CI-27 as a means to escape the strangle-hold. They are as entitled to express their outrage at the ballot box against taxation as against candidates. Whether they are right can be decided later, if CI-27 passes.
We therefore concur.